CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FLOYD GARRETT,                          )
                                        )
        Petitioner,                     )        Civil Action No. 7:11CV00107
                                        )
v.                                      )        **MEMORANDUM OPINION**
                                        )
CHRISTOPHER ZYCH,                       )        By: Hon. Glen E. Conrad
                                        )        Chief United States District Judge
        Respondent.                     )

Floyd Garrett, a federal prisoner proceeding pro se, filed this action as a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The case is presently before the court on the

respondent's motion to dismiss. For the reasons that follow, the court will grant the respondent's

motion.

## Background

In July of 1995, a federal grand jury in the Southern District of California returned a two-

count indictment against Garrett, which charged him with armed bank robbery and using a

firearm during and in relation to a crime of violence. Garrett was convicted of both offenses

following a bench trial. On October 21, 1996, the district court sentenced him as a career

offender to a total term of imprisonment of 240 months. See U.S. Sentencing Guidelines Manual

§ 4B1.1(a).

Garrett appealed his convictions to the United States Court of Appeals for the Ninth

Circuit. After a divided panel reversed Garrett's convictions, the Ninth Circuit granted rehearing

---

[1] The petitioner is presently incarcerated at the United States Penitentiary in Jonesville, Virginia, which is within the jurisdiction of the court.

<u>en</u> <u>banc</u>, vacated the panel's decision, and ultimately affirmed the judgment of the district court. See <u>United States v. Garrett</u>, 179 F.3d 1143 (9th Cir. 1999).

On February 29, 2000, Garrett filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in the Southern District of California. The motion was denied on August 7, 2000. Garrett then filed several additional § 2255 motions that were denied as successive, and his request for authorization to file a successive § 2255 motion was denied by the Ninth Circuit.

On July 30, 2010, Garrett filed a petition for writ of habeas corpus in this district, pursuant to 28 U.S.C. § 2241. The petition was dismissed by this court on August 3, 2010.

Garrett signed and dated the instant petition on February 25, 2011. Relying on the Supreme Court's decision in <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010),[2] Garrett argues that he was improperly sentenced as a career offender under the United States Sentencing Guidelines, and that his sentence should be vacated.[3]

On May 23, 2011, the government moved to dismiss Garrett's petition. Garrett filed a response to the motion on June 6, 2011. The matter is now ripe for review.

## Discussion

As a general rule, a federal prisoner seeking to challenge the legality of his conviction or sentence must file a motion to vacate under 28 U.S.C. § 2255. See <u>Rice v. Rivera</u>, 617 F.3d 802,

---

[2] In <u>Johnson v. United States</u>, the Supreme Court held that in order for a crime to be considered a "violent felony," for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the crime must have as an element the use of violent force. <u>Johnson</u>, 130 S. Ct. at 1271.

[3] Garrett raised essentially the same claim in his prior <u>habeas</u> petition. For the reasons set forth below, the court remains convinced that the petition was properly dismissed.

807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). It is only

when claims fall within the savings clause of § 2255 that a federal prisoner may pursue habeas

corpus relief under 28 U.S.C. § 2241. "[C]laims fall within the savings clause of § 2255 when a

§ 2255 motion is 'inadequate or ineffective to test the legality' of detention." Pagan San-Miguel

v. Dove, 291 F.3d 257, 261 n.2 (4th Cir. 2002) (citing 28 U.S.C. § 2255); see also Rice v. Rivera,

617 F.3d at 807.

The United States Court of Appeals for the Fourth Circuit delineated the circumstances in

which a federal prisoner may invoke the savings clause of § 2255 in In re Jones, 226 F.3d 328,

332 (4th Cir. 2000). Specifically, the Court held that § 2255 is inadequate and ineffective, and

that § 2241 may be utilized to attack a federal conviction, when:

> (1) at the time of conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was convicted is
> deemed not to be criminal; and (3) the prisoner cannot satisfy the
> gatekeeping provisions of § 2255 because the new rule is not one of
> constitutional law.

In re Jones, 226 F.3d at 333-334. Importantly, however, "the remedy afforded by § 2255 is not

rendered inadequate or ineffective merely because an individual has been unable to obtain relief

under that provision . . . or because an individual is procedurally barred from filing a § 2255

motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted).

Applying the foregoing principles, the court agrees with the government that Garrett is

not entitled to proceed under § 2241. Garrett does not allege that a change in the substantive law

has rendered the conduct for which he was convicted non-criminal, as required by In re Jones.

Instead, Garrett's sole claim is that his prior conviction for battery was not a crime of violence

and, thus, that he is "actually innocent of being a career offender" under the United States Sentencing Guidelines. (Pet. at 8). As the government emphasizes, however, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (emphasis added). Instead, "[Fourth Circuit] cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction." Darden v. Stephens, No. 10-7496, 2011 U.S. App. LEXIS 8772, at *4 (4th Cir. Apr. 29, 2011). Consequently, Garrett's claim falls beyond the reach of the savings clause and his petition must be dismissed for lack of jurisdiction. See Darden, supra (rejecting the petitioner's claim that the savings clause should be extended to reach his claim that he is actually innocent of being a career offender).

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This _6th_ day of July, 2011.

_____
Chief United States District Judge